# IN THE COURT OF APPEALS OF IOWA

No. 20-1347
Filed August 18, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DIJONIS DEONTREY BURKETT BROWN,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Dijonis Deontrey Burkett Brown appeals the district court's resentencing order.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum (until withdrawal) and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

A jury found Dijonis Deontrey Burkett Brown guilty of first-degree robbery. Brown appealed his judgment and sentence, which included the imposition of a seventy-percent mandatory minimum term under the then existing law. The court of appeals affirmed his conviction but vacated his sentence in part and remanded based on a new "ameliorative sentencing provision" that afforded sentencing courts discretion to "set a minimum term of incarceration between 50% and 70%." *See State v. Brown*, No. 18-1988, 2020 WL 1879686, at *7 (Iowa Ct. App. Apr. 15, 2020) (citing 2019 Iowa Acts ch. 140, § 6 (codified at Iowa Code § 902.11(2A) (Supp. 2019))).

On remand, the district court resentenced Brown to "a mandatory minimum of 70 percent of the maximum term of the previously entered sentence." The court acknowledged its "ability to sentence the defendant to a mandatory minimum of between 50 percent and 70 percent" but determined "based upon all pertinent information that a mandatory minimum of 70 percent [was] appropriate . . . due to the defendant's criminal history which involves violence and weapons."

On appeal from the resentencing order, Brown contends the district court considered an impermissible factor. *See State v. Fetner*, 959 N.W.2d 129, 134 (Iowa 2021) ("[R]esentencing of the defendant is necessary if the sentencing court used an improper consideration, even if it was merely a secondary consideration." (internal quotation marks and citation omitted)). In his view, the prosecutor inaccurately described his involvement in a prior crime, stating he "use[d] a gun to fire shots at a house," when he in fact "only . . . aided and abetted the offense."

He asserts the district court "considered and relied" on the purportedly inaccurate statement.

In describing Brown's prior offense, the prosecutor stated Brown "and another individual . . . shot at a house." Later, the prosecutor stated Brown "had a history of previously using—being involved in the use of a firearm and shooting at a house."

The prosecutor accurately characterized Brown's prior offense. He tracked the language of the presentence investigation report to which Brown did not object at the original sentencing hearing. And he underscored that Brown acted with another person. Finally, as the State notes, "The district court never mentioned the specific facts of the [prior] conviction." The court referred generically to the fact that Brown was "on pretrial release for a case also involving a weapon"; "the violence of the crime" committed on pretrial release; and "the other history available."

We conclude the district court did not consider an impermissible factor in resentencing Brown.

**AFFIRMED.**